**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA ACOSTA,**

    **Plaintiff,**

**v.**                 **Case No: 6:11-cv-647-Orl-28GJK**

**UNITED TEMPS, INC.,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR RECONSIDERATION AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 32)** |
| **FILED:** | **June 22, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On April 20, 2011, Plaintiff, Maria Acosta, filed a Complaint seeking damages for unpaid wages and unpaid overtime, pursuant to the Fair Labor Standards Act (hereafter "FLSA"), 29 U.S.C. § 216(b). Doc. No. 1. Plaintiff alleges that she was employed by Defendant, United Temps, Inc., from September 22, 2005 to September 20, 2010 as a staffing coordinator. Doc. No. 1 at ¶ 1. Plaintiff alleges that Defendant is an enterprise as defined by the FLSA and has workers who are engaged in interstate commerce, produce goods for interstate commerce or otherwise work on goods or materials that have been moved in or produce for interstate commerce. Doc. No. 1 at 2 ¶ 7.

In Count I, Plaintiff alleges that she "regularly worked off the clock answering phone calls and emails after hours and working from home several days per week." Doc. No. 1 at 3 ¶ 16. Plaintiff alleges that she worked in excess of forty (40) hours per week but Defendant intentionally, willfully and unlawfully refused to pay her one and one-half times her regular rate of pay. Doc. No. 1 at 3 ¶¶ 16-17. In Count II, Plaintiff alleges that Defendant has "willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206." Doc. No. 1 at 5 ¶ 25. Plaintiff alleges that she has been damaged as a result of Defendant's "deliberate underpayment of wages." Doc. No. 1 at 5 ¶ 26. Plaintiff seeks an award of compensatory damages, liquidated damages and reasonable attorney's fees and costs. Doc. No. 1 at 4-5. On May 17, 2011, Defendant filed its answer and affirmative defenses. Doc. No. 9.

On July 20, 2011, Plaintiff filed her answers to the Court's interrogatories. Doc. No. 14. Plaintiff indicated that her total damages are $6,821.64, representing $3,410.82 in actual damages plus an equal amount in liquidated damages. Doc. No. 14 at 4 ¶ 7. On June 14, 2012, the parties filed a joint notice of settlement and stipulation of dismissal. Doc. No. 30. The Court denied the motion without prejudice because the parties did not provide any "justification why Plaintiff is compromising her claims or any support for the reasonableness of the amount of attorney's fees and costs counsel will receive pursuant to the parties' proposed settlement agreement." Doc. No. 31 at 5. The Court ordered the parties to renew their joint motion to approve their proposed settlement agreement and directed Plaintiff to file a sworn statement indicating how the proposed settlement funds would be allocated, along with a copy of the proposed settlement agreement. Doc. No. 31 at 5-6.

On June 22, 2012, Plaintiff moved for reconsideration (hereafter "Motion"). Doc. No. 32. Plaintiff asserts that upon filing a stipulation of dismissal, pursuant to Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure, the Court lost jurisdiction over the case, citing *Anago Franchising, Inc. v. Shaz LLC*, 677 F.3d 1272 (11th Cir. 2012). In *Shaz*, the Eleventh Circuit held that a joint stipulation of dismissal filed pursuant to Rule 41(a)(1)(A)(ii) is "self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts . . . may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." 677 F.3d at 1278.

Citing *Shaz*, courts in this district have dismissed FLSA cases without determining whether the parties' settlement is fair and reasonable. *See James v. Prince Contracting, LLC*, No. 8:11-cv-2386-T-23EAJ (M.D. Fla. April 24, 2012); *Root v. Atl. Site Dev. Servs., Inc.*, No. 5:12-cv-81-Oc-32TBS (June 21, 2012); *Marcucci v. Stefano's Trattoria, Inc.*, 6:12-cv-440-Orl-19GJK (M.D. Fla. July 3, 2012). In *Martin v. Suncoast Parking Lot Services, Inc.*, No. 8:11-cv-1005-JDW-TBM (M.D. Fla. May 11, 2012), the court granted plaintiff's motion for reconsideration, after initially rejecting the joint stipulation for dismissal and ordering the parties to comply with the requirements to obtain approval of their FLSA settlement, and dismissed the case. However, the courts note that a defendant who exacts a compromise of a plaintiff's FLSA claim and does not obtain approval of the settlement from the Department of Labor or the court acts at his own peril because the settlement is unenforceable. *See James*, No. 8:11-cv-2386-T-23EAJ; *Marcucci*, 6:12-cv-440-Orl-19GJK; and *Martin*, No. 8:11-cv-1005-JDW-TBM.

In light of *Shaz*, it is **RECOMMENDED** that the Motion be **GRANTED** and the case be dismissed with prejudice pursuant to the parties' joint stipulation of dismissal. *See* Doc. No. 30 at 2 ¶ 3.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite the final disposition of this case, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on July 16, 2012.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy